IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------------------X
Albanian-American, Islamic Center and Ejup Jakupi,

                    Plaintiffs,

  v.                                    Case No. 2024-cv-12073

ALEJANDRO MAYORKAS, Secretary U.S.        **Verified Complaint for**
Department of Homeland Security                **Writ of Mandamus and**
245 Murray Lane, S.W.                                  **Injunctive Relief**
Washington, DC 20528

UR MENDOZA JADDOU,                          Judge:
Director U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, N.W.             Magistrate Judge:
Washington, DC 20529

PHILLIP T. SLATTERY, Director, National Visa
Center, 32 Rochester Avenue, Portsmouth, NH 03801

                                  Defendants.
-------------------------------------------------------------------X

**INTRODUCTION**

1. The Plaintiffs, Albanian-American Islamic Center ("AAIC") and Imam Ejup Jakupi seek a Writ of Mandamus and injunctive relief to compel Defendants to perform a duty owed to the Plaintiff: take action on the pending visa application for Applicant, Imam Ejup Jakupi, his wife and two children to enter the United States. Plaintiffs paid the processing fees and submitted all requested documents to obtain a visa. In turn the government must make a decision: it has an affirmative obligation to make that decision within a "reasonable" time, as set forth in Defendants' own publications. These obligations and the judicial power to enforce these obligations are set forth out in the law (28 U.S.C. § 1361 and in the Administrative Procedures Act at 5 U.S.C. §§ 702, 706).

1

2. Plaintiffs seek an order compelling the Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909, to "click a release tab on [NVC's] computer that releases the Application" in this case, which will permit the consulate in North Macedonia to schedule an interview date for Applicant and continue to process the Visa Application.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. No exhaustion of administrative remedies requirements applies to a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of his properly filed application to adjust status, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to respond or process Plaintiffs' application for more than eight (8) months, since April 9, 2024. The Plaintiffs have no other adequate remedy available for the harm he seeks to redress – the failure of NVC to process his visa application in a timely manner.

## PARTIES

4. Plaintiff, Albanian American, Islamic Center, is the Petitioner in the I-360 Application.

5. Plaintiff, EJUP JAKUPI, is the Applicant in North Macedonia seeking a visa to the United State with his wife and two children.

6. Defendant, ALEJANDRO MAYORKAS, Secretary U.S. Department of Homeland Security, 245 Murray Lane, S.W., Washington, DC 20528

7. Defendant, UR MENDOZA JADDOU, Director U.S. Citizenship and Immigration Services, 20 Massachusetts Avenue, N.W., Washington, DC 20529

8. Defendant, PHILLIP T. SLATTERY, Director U.S. Citizenship and Immigration, Visa Service Center, New Hampshire.

## JURISDICTIONAL AND VENUE

9. This Court has jurisdiction over this Petition for a Writ of Mandamus pursuant to 28 U.S.C. § 1331[1] in conjunction with 28 U.S.C. § 1361[2], Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) the Administrative Procedure Act ("APA") 5 U.S.C. § 555(b) and the Immigration and Nationality Act ("INA") and its regulations.

10. The Seventh Circuit has consistently allowed mandamus and APA actions to compel. See *Khelashvili v. Dorochoff*, 2007 U.S. Dist. LEXIS 89718 (N.D. Ill. Dec. 6, 2007); *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. Ill. 2002); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999). Under the Mandamus Act (28 U.S.C. § 1361), the court can compel the government to take action, but cannot compel the agency to exercise its discretion in any particular manner.

11. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiffs' claim occurred in Illinois where the Plaintiff AAIC is located and where the Plaintiff Applicant will be residing once a visa is issued.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

12. The Plaintiff, Albanian-American Islamic Center, on November 16, 2023, filed a I-360 Petition for Amerasian, Widower, or Special Immigrant, under Section: Special Immigrant

3

Religious Worker (Minister), for the co-Plaintiff, Imam Ejup Jakupi, together with his wife and his two children who are under the age of 21.

13. On March 3, 2024, USCIS issued an "Approval Notice," to Plaintiffs where the Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909, will process the Application for Visa, see **Exhibit A**, which directed the Plaintiffs to:

> complete all USCIS action on this petition. You should allow a minimum of 30 days for Department of State processing before contacting the NVC. If you have not received any correspondence from the NVC within 30 days, you may contact the NVC by email at NVCINQUIRY @state.gov.

The NVC is responsible for scheduling the beneficiary—here, co-Plaintiff, Imam Ejup Jakupi, together with his wife and his two children —to appear for an interview at the consulate in North Macedonia to execute the visa application. However, before the NVC schedules a visa interview an applicant must: (1) pay any fees; (2) complete an immigrant visa application; and (3) submit required financial and civil documents.

14. In this case, the Plaintiffs completed all three requirements on April 9, 2024. **Exhibit B** is proof of payment for all four (4) visas, the Imam, his wife and two children. **Exhibit C** is Plaintiffs' counsel's May 23, 2024, letter indicating that the 30-day period to process the Visa Application has expired, with proof of completed immigrant Visa Application attached. **Exhibit D** is proof of all required financial and civil documents were submitted.

15. After not receiving any response from NVC, on August 23, 2024, Plaintiffs' counsel again sent a letter to NVC, **Exhibit E**, showing that all financial and civil document were submitted but no response was received. The Letter indicated that the 30-Day period has long expired and it had enclosed a second copy of all the required financial and civil documents. The

4

letter with its enclosures were sent via certified mail, return-receipt-requested to NVC. **Exhibit F** is the August 27, 2024, NVC's stamped receipt, but still no response was received.

16. Sometime thereafter, another inquiry was submitted to the NVC online through the Department of State's Consular Electronic Application Center ("CEAC"), **Exhibit G**, but still no response was received.

17. Notwithstanding Plaintiffs counsel's numerous electronic and mail inquiries to NVC in New Hampshire over the past eight (8) months, since I-360 application has been submitted on April 9, 2024, counsel for Plaintiffs never received any response from the NVC.

18. The co-Plaintiff, Imam Ejup Jakupi, who is currently living in North Macedonia, informed counsel that an official in the US Consulate in North Macedonia said that all the New Hampshire Visa Center needed to do was to click a "release tab" on their computer to transfer the Visa Application to the Consulate in North Macedonia so that an interview date can be set up.

## CAUSE OF ACTION
### Writ of Mandamus

19. Plaintiffs repeat paragraph 1 through 18, as though stated herein.

20. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); *see also Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] …does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay

5

unreasonably in making that choice'"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to process the Application within a reasonable period of time."). The Plaintiff clearly meets all

three of these criteria.

21. As shown in the above Statement of Facts, Plaintiff has fully complied with all of the statutory and regulatory requirements for processing the Application for Visa. However, the Defendants have unreasonably failed to process Plaintiff's application for over 8 months, thereby depriving the Plaintiff of his rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

22. The Defendants owe the Plaintiff a duty to adjudicate his visa application, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. *See, e.g.*, *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of his I-485 adjustment application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Power*, 292 F.3d at 784; *Matter of Sealed Case,* 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same).

23. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. *See, e.g.*, *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time).

24. The word "ordinarily" is used here because the same standard may not apply to relatively rare "supervisory" writs of mandamus. See, e.g., *Schlagenhauf v. Holder*, 379 U.S. 104, 110–11 (1964) (reversing denial of supervisory writ); *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259–60 (1957) (affirming supervisory writ); see generally 16 Wright, Miller & Cooper, Federal Practice & Procedure §§ 3934 & 3934.1.

25. In this case, Plaintiffs have already waited more than 8 months for adjudication of his pending I-360 visa application, well beyond NVC's own published processing timeframe of 30-Days as shown in **Exhibit A**. This is an unacceptable and unreasonable delay. The Plaintiff is entitled to action on his long-pending visa application because an unreasonable amount of time has passed since his application was filed on April 9, 2024. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiffs.

26. Defendants" delay is without justification or explanation and has forced the Plaintiff to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

27. **WHEREFORE**, on the basis of the foregoing, Plaintiffs pray that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's, I-360 Application for a visa without further delay;

2. Compel Defendant PHILLIP T. SLATTERY to "click a release tab on [NVC's] computer that releases the Application" to the Consulate in North Macedonia to schedule an interview date for Applicant and continue to process the Visa Application;

3. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

4. Grant such other and further relief as this Court deems proper.

Dated: November 22, 2024,

Respectfully submitted,

/s/*Basil Salem*,
Attorney for Plaintiffs
7156 W 127th Street, B-149
Palos Heights, IL 60463
(708) 537-8529
Bsalem1995@icloud.com

Attachments:

Exhibit A: Notice of Approval

Exhibit B: Visa Payment

Exhibit C: Letter & Proof of Completing Application

Exhibit D: Application Completed, waiting for Response

Exhibit E: Letter to NVC 08/23/2024

Exhibit F: Certified Mail Receipt

Exhibit G: NVC Electronic Submission

**DECLARATION BY PLAINTIFFS' ATTORNEY**

Pursuant to 28 U.S.C. § 1746, I, Basil Salem, declare under the penalty of perjury under the laws of the United States that the statements in the foregoing Complaint are true and correct to the best of my knowledge and as to those matter I believe them to be true.

Executed this 22nd Day of November, 2024

/s/*Basil Salem*